**UNITED STATES OF AMERICA**
**FOR THE DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.:

_____

**EMILY BREA-ROA**
     Plaintiff,

v.                                      **COMPLAINT**

**DENIS MCDONOUGH, SECRETARY,**
**DEPARTMENT OF VETERANS AFFAIRS,**
     Defendant.

_____

Plaintiff, Emily Brea-Roa, by and through her attorney, Richard Heavey, Esquire, respectfully alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

<u>**PRELIMINARY STATEMENT**</u>

1. Plaintiff, a former employee of the Department of Veterans Affairs brings this action in response to the discriminatory actions taken against her by the Department of Veterans Affairs.

2. Plaintiff brings this action pursuant to Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended. 29 U.S.C. Section 791 et. seq..

<u>**THE PARTIES**</u>

3. The plaintiff, Emily Brea-Roa ("Plaintiff" or "Brea-Roa"), is a resident of Massachusetts who resides at 187 Great Road, Acton, Middlesex County, Massachusetts.

1

4.  At all times relevant to this charge, Brea-Roa was an employee of the Department of Veterans Affairs ("Defendant" or "VA").

5.  Defendant VA at all times hereinafter mentioned, was and is an agency within the Federal Government with a facility located at 940 Belmont Street, Brockton, Massachusetts.  Denis McDonough is the current Secretary of the Department of Veterans Affairs.  At all times relevant to this charge, the VA was Brea-Roa's "employer".

### JURISDICTION AND VENUE

6.  The Court has original jurisdiction over Plaintiff's federal law claim pursuant to 28 U.S.C. §§ 1331 & 1343.

7.  Venue is proper pursuant to 28 U.S.C. § 1391.

8.  The jurisdictional prerequisites of 29 C.F.R. Part 1614 have been satisfied.  Brea-Roa, as required by law, originally filed an ORM/EEO Complaint with the VA's Office of Resolution Management.  That Complainant is identified as Agency No. 200H-0523-2018101177; EEOC No. 520-2019-00319X.

9.  On October 14, 2021 the EEOC Office of Federal Operations issued a Decision on the Plaintiff's appeal of the Administrative Judge's order granting summary judgment.

10. Brea-Roa is afforded the right to file a complaint with the United States District Court within 90 days of EEOC's Appeal Decision.

11. Where this Complaint has been filed within 90 days of EEOC's Appeal Decision, the administrative requirements have been met and it is timely.

2

<u>FACTS</u>

12. The Plaintiff, Emily Brea-Boa ("Brea-Roa"), suffers from disabilities in the form of Attention Deficit Hyperactivity Disorder, Bipolar Disorder, Post-Traumatic Stress Disorder and Anxiety.

13. The Brockton VA Medical Center in Brockton, Massachusetts (the "Hospital") is part of the Boston VA Healthcare System.  It provides a variety of health services to Veterans including short-term rehabilitation, medical care, palliative and hospice care, long-term care, a chronic Spinal Cord Injury unit, mental health services, comprehensive primary care and a Domiciliary for Homeless Veterans.

14. At all times relevant to this matter Brea-Boa was employed by the VA as a Human Resources Assistant, GS-0203-06.  She began working in said capacity on December 11, 2016 and, like all such employees, was subjected to a one year probationary period.

15. For the first six months of her probationary period Brea-Roa was considered an exemplary employee meeting all expectations on her reviews.

16. Between August 29, 2017 and December 8, 2017, the Plaintiff was subjected to a hostile work environment based on her disability by the Defendant.  Specifically, during this time, she was moved to a smaller work environment, constantly monitored and followed (even into the bathroom), given unreasonable deadlines and extensive workloads on subject she was not trained in, subjected to excessive tracking of her attendance and annual leave and instructed to change her

compressed schedule.

17. On October 24, 2017, the Plaintiff submitted a reasonable accommodation ("RA") request asking for full-time telework.  In support of her RA request, the Brea-Roa specifically informed the Agency that she had various mental health conditions which made it difficult for her to work in a large work environment without becoming distracted and extremely anxious.

18. Prior to requesting an RA formally, Brea-Roa had previously made management at the VA aware that she suffered from various mental health issues.  This information was communicated to management in conversations held to discuss Brea-Roa's sudden "performance deficiencies."

19. Brea-Roa's work as a Human Resources Assistance dealing primarily with Staffing and Credentialing could have easily been performed via telework with a simple internet connection and fax line.  No undue burden would have been placed upon the Agency.

20. The more Brea-Roa shared with management about her disabilities, the more she allegedly demonstrated performance issues.

21. On November 6, 2017, two weeks after formally requesting an RA, the Plaintiff was issued a written counseling for poor attendance and excessive leave usage.  The timing of this discipline in conjunction with the RA request evidences that it was issued for unwarranted and discriminatory reasons.

22. Between October 29, 2017 and December 5, 2017, the Plaintiff was charged 33.30 hours of Absent Without Leave (AWOL).  The timing of these AWOLs in conjunction with the RA request evidences that they were issued for unwarranted

4

and discriminatory reasons.

23. On December 7, 2017 the Plaintiff was informed that her request to work telework as a reasonable accommodation was denied.  The fact that the Agency could have easily, without any undue burden, provided the requested accommodation, evidences that this denial was issued for unwarranted and discriminatory reasons.

24. On December 8, 2017, the Plaintiff was terminated from her Federal Service for unwarranted and discriminatory reasons.  The fact the Plaintiff's performance appraisal for the work performed from December 2016 through September 2017 was rated as fully successful evidences this fact.

### FIRST CLAIM FOR RELIEF
(DISABILITY/REPRISAL DISCRIMINATION – HOSTILE WORK ENVIRONMENT)

25. Plaintiff repeats and re-alleges each and every allegation contained herein.

26. Plaintiff was subjected to a hostile work environment by Defendant based on her disabilities and in reprisal for engaging in protected EEO activity, as stated above, in violation of the Rehabilitation Act.

### SECOND CLAIM FOR RELIEF
(DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE)

27. Plaintiff repeats and re-alleges each and every allegation contained herein.

28. Plaintiff was improperly denied a reasonable accommodation, as stated above, in violation of the Rehabilitation Act.

### THIRD CLAIM FOR RELIEF
(DISABILITY/REPRISAL DISCRIMINATION – TERMINATION)

29. Plaintiff repeats and re-alleges each and every allegation contained herein.

30. Plaintiff was improperly terminated for discriminatory and retaliatory reasons, as stated above, in violation of the Rehabilitation Act.

**WHEREFORE,** the Plaintiff demands the following relief:

a.   That this Court enter judgment for the Plaintiff against the Defendant for all compensatory, emotional and psychological damages, injunctive relief, and any other damages permitted by law pursuant to the above referenced causes of action in an amount to be determined by a jury;

b.   That this Court award the Plaintiff all costs and expenses associated with this lawsuit;

c.   That this Court award the Plaintiff all attorney fees associated with this lawsuit;

d.   That this Court award the Plaintiff interest on any and all judgments awarded in this lawsuit; and

e.   For all other relief as this Court deems meet and just.

**The Plaintiff demands a jury trial on all issues triable by a jury.**

Respectfully Submitted,
The Plaintiff,
Emily Brea-Roa
By her attorney,

*|s| Richard Heavey*

Richard Heavey, Esquire
50 North Street
PO Box 147
Medfield, MA 02052
Tel:  508-359-1700
Fax:  508-359-0062
Email:  hhkc1@verizon.net
Dated: 01/06/22                    B.B.O. #228260

7